IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CR 87-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SHYLEEK VYSHONNE DAVIDSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant's Motion for Bond (Doc. 82) which requests that the Court allow Defendant to be released from custody pending sentencing. The Government has filed a response objecting to the relief requested. (Doc. 83).

I. Relevant Background

A Bill of Indictment (Doc. 1) was filed on August 7, 2019 charging Defendant and his codefendants with violations of 18 U.S.C. §1951(a) and 18 U.S.C. §924(c).

On August 23, 2019, Defendant's initial appearance was held before the undersigned. The Government moved for detention, and arraignment and detention hearings were scheduled for August 26, 2019.

During those subsequent proceedings, Defendant did not contest detention but reserved the right to request a detention hearing at a later date.[1]

A Superseding Bill of Indictment (Doc. 28) was filed on October 1, 2019, which charged Defendant with interference with commerce by robbery in violation of 18 U.S.C. § 1951(a) (Counts One and Three) and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (Counts Two and Four).

On December 20, 2019, Defendant entered a guilty plea to Counts One and Two of the Superseding Bill of Indictment (Doc. 28). The District Court accepted his plea on January 14, 2020.

## II. Discussion

Detention determinations for defendants awaiting sentencing are governed by 18 U.S.C. § 3143. Pursuant to section 3143(a)(2), defendants who have been found guilty of those offenses described by section 3142(f)(1)(A), (B) or (C) must be detained, unless statutory exceptions apply. Cases that are not governed by section 3143(a)(2) are considered under section 3143(a)(1).

The offenses referenced by section 3142(f)(1)(A) are crimes of violence, violations of section 1591, and offenses listed in section 2332b(g)(5)(B) for

---

[1] The instant Motion states that "to the extent this matter can be determined without a hearing, the defense makes that request, in order to lessen the public safety concerns associated with COVID-19." Doc. 82 at 3.

which a maximum term of imprisonment of 10 years or more is prescribed. The offenses referenced by 3142(f)(1)(B) are those for which the maximum sentence is life imprisonment or death.

The Government argues that Defendant has pled guilty to crimes of violence and a crime for which the maximum sentence is life imprisonment as described by 18 U.S.C. § 3142(f)(1)(A)-(B) and therefore that section 3143(a)(2) applies.

Defendant does not argue that section 3143(a)(2) does not control but rather contends that he should be released in view of his history and characteristics under 18 U.S.C. § 3142(g)(3), his lack of criminal convictions apart from this case, and his "record concerning court appearances." Defendant also notes that he has family ties to this district and would live with his grandparents here were he to be released.[2]

Section 3143(a)(2) requires that Defendant be detained pending sentencing unless "there is a substantial likelihood that a motion for acquittal or new trial will be granted" or "an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person" and

---

[2] Under section 3145(c), a person who is subject to detention pursuant to section 3143(a)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate. Here, Defendant does not contend that there are exceptional reasons for his release. (Doc. 82) at 2.

there is "clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2)(A)(i),(ii), (B).

These conditions are not satisfied here. There is not a substantial likelihood that a motion for acquittal would be granted and a sentence of at least seven (7) years' imprisonment is mandatory for Defendant's conviction on Count Two. See 18 U.S.C. § 924(c)(1)(A)(ii).

Further, even if Defendant had satisfied the requirements of section 3143(a)(2)(A), the record does not support a finding by clear and convincing evidence that Defendant is not likely to flee or pose a danger to any other person or the community if released under section 3143(a)(2)(B). Defendant has admitted to the commission of a dangerous and violent act; as described in the Factual Basis, Defendant and his codefendant "robbed the AT&T wireless store located at 335 Airport Road in Buncombe County, North Carolina" and "brandished firearms at an employee during the course of and in furtherance of the robbery." (Doc. 53) at 1.

Accordingly, Defendant's Motion for Bond (Doc. 82) is **DENIED**.

Signed: April 7, 2020

W. Carleton Metcalf
United States Magistrate Judge